## PIERRE HOA *v.* EMILE LEFRANC.

18b 393
52 856

The Act of March 10th, 1866, authorizing suits for the ejectment of tenants to be tried by preference, cannot operate retrospectively; and, of course, does not apply to appeals filed previous to its passage.

Whatever relates to the manner of conducting and trying a suit (litis ordinatio) is always within the control of the Legislature, who can, at any time, make any change or modification they may think conducive to the public good and a proper administration of justice in our Courts.

APPEAL from the Sixth District Court of New Orleans, *Duplantier,* J. *Sambola & Ducros, for plaintiff.*—The objection made by counsel to the trial of this case by preference, on the ground that, to do it, would be to give to the law of 1866 a retrospective effect, is untenable.

That law does not impair the obligation of contracts, nor does it take away any vested rights. It is simply a remedial statute, applicable to all cases of the kind, whether already pending before the Court, at the time of the passage of the act, or instituted subsequently, and in so doing it does not operate retrospectively.

30

Marcadé, Merlin and the Court of Cassation have clearly laid down this principle, in the following words :

"As to the mode to be pursued, the formalities of procedure to be followed in the exercise of the right of action, it is always the last law which must be applied."

"In fact, a person has never a vested right to enforce his contract, to be tried, in a word, to proceed according to certain rules instead of others; to claim and prosecute the exercise of a right in certain forms instead of other forms; the formalities to be gone through are always and necessarily within the power of the law, and we can never have a vested right in their ulterior maintenance. What we rely on, when we make a contract, what we have a right to expect that the law shall not revoke without producing a retroactive effect, is the execution of our contract, the enforcement of our stipulations, but not the mode by which the law shall permit us to attain that end."

"The mode of proceeding is, therefore, always governed by the law in force at the time we act."      *      *      *      *      1 Marcade, No. 55, p. 43.

Merlin, Verbo, Effet Rétroactif, §§ 7 and 8, is still more explicit :

"Judicial proceedings," says he, "being of a successive nature, belong to the past and to the future. Composed of several acts, which are done successively and at different intervals, they belong to the past as regards all those of their acts which have preceded the new law concerning the form of proceeding, and to the future so far as all those which are to follow it are concerned."

"Thus, the law cannot, without retroacting, declare null and void the anterior acts of a proceeding which has been commenced under the preceding law."

"As the future, however, is at its disposition, it is not always obliged, by permitting those acts to stand as they are, to maintain their effects, and we must, in this respect, distinguish between the acts which are consummated and those which are simply begun."      *      *      *

"But if the acts are begun only, the new law is not obliged to give them the direction which the preceding law had designed for them. It can change for the future the direction of those acts, and order that the proceeding commenced before its publication shall be continued, either by other officers, or in an entirely different form."      *      *      *

"If, therefore, the new law does not provide otherwise, it is by it that, in the proceeding initiated before its publication, all the acts which are done subsequently are governed; and that is what is decided in express terms in a decision of the Government of the 5th Fructidor, in the year 9 : "Whatever concerns the trial of cases, so long as they are not determined, is regulated according to the new forms, without violating the principle of non-retroactivity, which has never been applied, except to the right of action itself."      *      *      *      *      *      *

Pierre Hoa v. Emile Lefranc.

" The form of proceeding can vary, and it varies in fact, if, before the suits are finally determined, a new law intervenes and changes the form, provided this law does not declare expressly that the old form shall continue to be followed."

The Court of Cassation, in the 2d volume of the Journal du Palais for the year 1848, p. 640, in their considerants or reasons for judgment, lay down the same principle in the following words :

" Whereas the principle of non-retroactivity only applies to the right of action itself (qu'au fond du droit), and the rules of practice and laws relative to the trial of cases are obligatory from the day of their promulgation, as concerns both future cases and cases already commenced, etc."

The same principle is laid down in the following American decisions :

"A statute allowing a parlance term affects the remedy merely, and applies to actions commenced before its passage." *Woods* v. *Buie*, 5 How. Miss. 285.

" The Vermont statute of 1850, in relation to invalid and informal levies, applies as well to levies made before as after the passing of the act." *Pratt* v. *Jones*, 25 Vt. (2 Deane) 303.

*Gustavus Schmidt, for defendant and appellant.*—There is a preliminary question which the Court must determine before it can decide on the merits of the controversy in this suit.

It is this : Is the plaintiff entitled to have this cause tried by preference in this Court?

By the 8th section of the act organizing the Supreme Court, approved December 6th, 1864, it is enacted : " That the Supreme Court shall take up all cases in the order in which they are filed."

The record in this cause was filed on the 3d of February, 1866, and if the above law be still in force, it is not entitled to be tried out of its turn.

In answer to this, it is said that the above law was amended by an Act promulgated the 10th of May instant, declaring that suits for the ejectment of tenants should be tried by preference in the Supreme Court.

This is a new law, and the only question is this : Is it retrospective in its operation ?

We think not ; because Civil Code, Article 8, provides : " A law can prescribe only for the future ; it can have no retrospective operation," etc.

The decisions of the Supreme Court of Louisiana on this subject are numerous, consistent and conclusive, and we beg leave to refer to a few of them, to show that this law can only operate on appeals filed in the

Supreme Court subsequent to the promulgation of the law, and not on those filed previously.

In *Donaldson* v. *A. Winter*, 8 N. S. p. 181, the Court says : "It is a sound rule of construction never to consider laws as applying to cases which arise previous to their passage, unless the Legislature have in express terms, declared such to be their intention."

In the act of 1866 there is no such declaration.

In *McCall* v. *Mercier*, 1 L. 348; *State* v. *Bermudez*, 12 L. 354; *Fugenie* v. *Preval*, 2 A. 181; and *Municipality No. 3* v. *A. Michoud*, 6 A. 605, the Supreme Court recognize the same doctrine, which appears to be this : that laws are only operative on, and applicable to cases arising after the enactment of the law, unless the Legislature should declare in express terms that the law should apply to cases existing previous to its passage.

As this was not done in the law we are considering, it must be construed to read as follows :

"In all suits of ejectment of tenants, hereafter filed in the Supreme Court, the parties shall be entitled to preference."

"L'office des lois est de régler l'avenir. Le passé n'est plus en leur pouvoir."

"Partout où la rétroactivité des lois serait admise, non seulement la sûreté n'existerait plus, mais son ombre même." Motifs, etc., du Code Civil, vol. 1, p. 27.

The Roman law holds the same doctrine, for it declares : "Leges et constitutiones futuris certum est dare; formam negotiis, non ad facta præterita revocari." Cod. lib. d, tit. 14, l. 7.

The only question to be solved in this case is this : Did the defendant intend to avail himself of the stipulation to renew the lease, and had the plaintiff notice of such intention ?

Numerous facts sanction the inference, not only that defendant had intention to renew, but informed plaintiff of his intention :

1. Nature of defendant's business and the inconvenience and expense of his transporting his establishment elsewhere.

2. The repairs and improvements necessary to establish himself.

3. Plaintiff's letter of 13th September implies such notice.

4. The evidence also proves it.

5. The letter addressed to plaintiff of the 11th October, and which remained without an answer, is an implied admission that plaintiff received notice. See *Meux* v. *Martin*, 5 An. 108 ; and *Porter* v. *Ledoux*, 6 An. 377.

6. It was unquestionably an act of great impropriety to lease the house to defendant's sub-tenant without informing him of the fact, and the sub-tenant cannot avail himself of it without fraud.

Honesty and fair dealing required of plaintiff to inform defendant that his sub-tenant offered $1,000, when there is no doubt he would have

Pierre Hoa v. Emile Lefranc.

agreed to pay it; and, his not doing so, is a proof that he was actuated by a desire to avoid fulfilling his contract; no doubt, believing that he could get rid of it because defendant had given no written notice of his intention to renew the lease, and because he refused to submit to an arbitrary increase of the rent, without a proper estimate of the average rent in the locality, according to a special stipulation of the lease.

To this position we say:

1. That there is nothing in the lease requiring the notice to be in writing.

2. Plaintiff is mistaken in supposing that there is no other mode of ratifying a contract, or of accepting it, than by a written declaration.

C. C. Art. 1805 expressly declares that assent is manifested by actions and even by silence and inaction.

So C. C. Art. 1811 implies assent from silence and inaction. See *Armory* v. *Black*, 13 L. 267. *Bruslè* v. *Thomas*, 7 A. 349. *Woodwarth* v. *Wilson*, 11 A. 402.

In the first of these cases it was expressly decided that, although parol evidence is not admissible to prove a written contract, yet it will be received as proof of act done by the parties in execution of it.

HOWELL, J. This is a suit to eject a tenant from leased premises.

The defendant and appellant contends that the case was improperly fixed for trial, inasmuch as, at the date of filing the transcript of appeal, on 3d February, 1866, the law required the Supreme Court to take up all cases in the order in which they are filed; and the act approved March 10th, 1866, authorizing suits for the ejectment of tenants to be tried by preference, cannot operate retrospectively, so as to affect the trial of this case.

We do not understand the rule, thus invoked, to be applicable to this latter statute, which, prescribing in what order of time causes are to be tried, is merely remedial, and must apply to all cases that were not tried at the date of its promulgation.

In the case of *Baldwin* v. *Bennett*, 6 R. 309, it was said : " Whatever relates to the manner of conducting and trying a suit (litis ordinatio) is always within the control of the Legislature, who can, at any time, make any change or modification they may think conducive to the public good and a proper administration of justice in our Courts."

On the merits, we see no reason for disturbing the judgment of the lower Court.

The defendant had the right, by the lease, to renew for two years from its termination, provided he gave plaintiff thirty days' notice of his intention to renew.

Such notice is not proven, though alleged; and, at the institution of the suit, the lease had expired, and notice to vacate duly served. The fact

Pierre Hoa v. Emile Lefranc.

that plaintiff was aware that defendant had made improvements or changes necessary for his business, and had sub-leased a part of the premises for a term beyond his own lease, does not amount to the notice contemplated by the contract.

Judgment affirmed, with costs.